Warren W. TARKINGTON, Plaintiff-Appellant,

v.

UNITED STATES LINES COMPANY, Defendant-Appellee.

No. 284, Docket 23528.

United States Court of Appeals Second Circuit.

Argued April 18, 1955.

Decided May 11, 1955.

Jacob Rassner, New York City (Harvey Goldstein, New York City, of counsel), for appellant.

Kirlin, Campbell & Keating, New York City (Walter X. Connor and Vernon Sims Jones, New York City, of counsel), for appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

1. Judge Edelstein correctly interpreted the rule of Mollica v. Compania Sud-Americana DeVapores, 2 Cir., 202 F.2d 25, and other cases, and properly directed a verdict for the defendant under the law as then interpreted in this Circuit.

2. An appeal of the original judgment is barred by the fact that plaintiff did not file his notice of appeal until May 28, 1954, sixty-four days after entry of the original judgment. But the appeal is timely as to the question raised by the motion to reopen the judgment. See, e. g., United States v. Wissahickon Tool Works, 2 Cir., 200 F.2d 936.

3. On April 5, 1954, the Supreme Court decided Alaska S. S. Co. v. Petterson, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, affirming, on the opinion below, the decision of the Ninth Circuit

in Petterson v. Alaska S. S. Co., 205 F.2d 478, 479. The opinion of the Ninth Circuit had expressly rejected the " 'relinquishment of control' " doctrine of the Second Circuit expressed in Mollica v. Compania Sud-Americana DeVapores, 2 Cir., 202 F.2d 25, and other cases. Since the doctrine of the Petterson case conflicts with the cases on which the trial judge relied in directing a verdict, the trial judge should have treated plaintiff's motion as a motion under Fed.Rules Civ. Proc. rule 60(b), 28 U.S.C.A., to correct a mistake of the court. Thus viewed, plaintiff's appeal is timely, for the motion was filed ten days after the decision of the Supreme Court in Petterson, and the notice of appeal filed within thirty days after the denial of that motion.

The judgment is reversed, and the action remanded for a new trial on the issue of unseaworthiness.