Warren W. **TARKINGTON**, Plaintiff-Appellant,

v.

**UNITED STATES LINES COMPANY**, Defendant-Appellee, and Third Party Plaintiff-Appellant,

T. **HOGAN & SONS**, Inc., Third Party Defendant-Appellee.

No. 54, Docket 24594.

United States Court of Appeals Second Circuit.

Argued Nov. 7, 1957.

Decided Dec. 12, 1957.

**130**

Jacob Rassner, New York City, for appellant.

Kirlin, Campbell & Keating, New York City, for appellee and third party appellant, Walter X. Connor, New York City, of counsel.

Bleakley, Platt, Gilchrist & Walker, New York City, for third party defendant-appellee, Frank A. Fritz and John B. Forrest, New York City, of counsel.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

This is a second trial of an action brought by a longshoreman employed by T. Hogan & Sons to recover from the vessel owner injuries sustained by him when he fell from a ladder while ascending from No. 2 hatch where he had been working.[1] The case was tried to a jury which returned a verdict for the defendant. The plaintiff has appealed, and the defendant has taken a protective appeal against T. Hogan & Sons, the third party defendant.

The sole question presented is whether the trial court erred in admitting evidence which appellant's counsel claims violated a pretrial stipulation between plaintiff and defendant. This stipulation was to the effect that Hogan's employees used grease in the hold where plaintiff was working before his accident. Prior to the second trial the plaintiff limited his claim to unseaworthiness because of grease, also referred to as saddle soap, on the rungs of the ladder leading from No. 2 hold to the main deck.

The pretrial order established the issues between plaintiff and defendant to be: (1) Was there grease on the ladder rungs? (2) If so, what was the source of it? (3) Did plaintiff fall because of grease or as the result of his own carelessness? Several of plaintiff's fellow-workers testified that there was no grease on the ladder and that no saddle soap was used in the hold. This is the evidence appellant says was wrongly admitted. Judge Weinfeld correctly ruled that the stipulation did not cover grease on the ladder but only the use of grease in the hold. Denial of the use of saddle soap in the hold was first brought out by appellant himself on the cross examination of defendant's witness Ellis Tucker. As to this the court ruled that the testimony could not be used against United but only against Hogan, since Hogan was not a party to the stipulation; and Mr. Rassner expressed satisfaction with the ruling. There is no merit in the appeal.

Judgment affirmed.

1. On the first trial a directed verdict was reversed on appeal and the action was remanded for a new trial on the issue of unseaworthiness. Tarkington v. United States Lines Company, 2 Cir., 222 F.2d 358.