**Sixto TORRES et al., Plaintiffs-Appellants,**

v.

**S. S. PIERCE COMPANY et al., Defendants-Appellees.**

No. 72–1063.

United States Court of Appeals, Ninth Circuit.

Dec. 29, 1972.

Rehearing Denied Feb. 6, 1973.

474

Neil M. Levy, Dennis R. Powell, Maurice R. Jourdane, David H. Kirkpatrick, Richard A. Gonzales, Salinas, Cal., Frank Ury, of Marcus, Ury, Sherborne, Killiborne & Hill, Pleasant Hill, Cal., Robert Gnaizda, San Francisco, Cal., for plaintiffs-appellants.

Robert B. Morrill, John S. Siamas, of Petty, Andrews, Olsen, Tufts, Jackson & Sander, San Francisco, Cal., for defendants-appellees.

Before MERRILL, BROWNING and GOODWIN, Circuit Judges.

PER CURIAM:

Plaintiffs appeal from a court order dismissing their action for failure to prosecute with due diligence, and an order denying them relief from final judgment under Rule 60(b), Federal Rules of Civil Procedure.

Suit was brought in June, 1970, by several migrant farm workers, with an attorney for California Rural Legal Assistance (a legal service program funded by the Office of Economic Opportunity) representing plaintiffs. During the next four months discovery proceeded but was not completed. In October, 1970, defendants answered and filed demands for answers to interrogatories from each plaintiff. By this time it was apparent to plaintiffs' counsel from discovery already had that the case was fee generating and that under regulations of OEO, private counsel should be associated. By this time, too, many of the plaintiffs had migrated to other parts of the country. Counsel for defendants were advised of these facts and of the fact that their interrogatories could not, under the circumstances, be answered within the thirty days prescribed by rule. Counsel for plaintiffs gathered the impression that they had informally obtained an open extension of time within which to answer. However, neither a written stipulation nor a court order was obtained. Counsel for defendants never pressed for an answer. The court records, however, failed to disclose any action in the case for a period of more than six months. Under local rule of the District Court this warranted the court in ordering plaintiffs to show cause why the action should not be dismissed.

In July, 1971, the District Court entered such an order and, following hearing, ordered dismissal. Upon a motion seeking relief from final judgment under Rule 60(b) an order was entered denying relief.

We remain extremely reluctant to disturb discretionary action of the district courts in their efforts to eliminate dead wood from their calendars and hasten their cases to disposition. On the facts before us, however, we are convinced that the explanation for delay from November of 1970 (when answers to interrogatories were due) until July, 1971, constituted good cause for avoidance of dismissal.

Had an order timely been sought relieving plaintiffs from their obligation to answer interrogatories within thirty days, it would seem from the facts presented that it would have been granted without opposition. As we view the issue presented to the District Court it was whether counsel for plaintiffs had acted with excusable neglect in failing to secure such an order. In our judgment on this record counsel for plaintiffs were warranted in assuming that they had an open extension and upon that assumption acted with excusable neglect in failing to secure a court order.

Remanded with instructions that the order of dismissal be set aside and for further proceedings.