Nathan CHANOFSKY,
Plaintiff-Appellant,

v.

The CHASE MANHATTAN CORPORATION, Defendant-Appellee.

No. 305, Docket 75-7288.

United States Court of Appeals,
Second Circuit.

Argued Nov. 14, 1975.

Decided March 1, 1976.

Gabriel Kaszovitz, New York City (Feder, Kaszovitz & Weber, Murray L. Skala, New York City, of counsel), for appellant.

William E. Jackson, New York City (Milbank, Tweed, Hadley & McCloy, Russell E. Brooks, Kenneth A. Perko, Jr., New York City of counsel), for appellee.

Before FEINBERG, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Plaintiff appeals from a final judgment entered against him on the law and the facts following the argument of what started out to be a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim combined with an alternative Fed.R.Civ.P. 56 motion for summary judgment. At the end of the argument, the District Judge concluded that the parties were submitting the case to him for final decision on the facts contained in the affidavits and disposed of it on the merits, holding for defendant because he found plaintiff had suffered no damage. Because we think the procedure followed was the result of a misunderstanding between court and counsel, we vacate the judgment.

There is little dispute as to the events which preceded the argument of the motion. On October 2, 1974, appellee Chase announced that the bond trading account of its principal subsidiary, the Chase Manhattan Bank, had been recorded on that bank's books at approximately thirty-four million dollars in excess of the estimate market value as of September 30, 1974. Five days later, plaintiff commenced this class action on behalf of all persons who had purchased Chase securities between May 10, 1974 and October 4, 1974 to recover damages resulting from this overstatement.[1]

Plaintiff had purchased five one-thousand dollar, six and one-half percent Chase debentures on August 12, 1974, which were convertible into common stock at $57.50 per share, and he claimed a personal loss as a result of having allegedly made such purchase at an inflated price. In moving to dismiss, Chase took the position that the price of these convertible debentures was determined by prevailing interest rates and was not influenced in any way by the overstated bond valuation. Affidavits submitted by Chase showed that between May 1974

---

1. Chase's first quarter financial statement was published on May 10, 1974, and the figures from this statement were incorporated in a registration statement filed with the SEC in August.

and October 1974 the market price of the debentures had fluctuated between 69¾ and 88½, while the market price of its common stock varied between 27¼ and 43¾. Accordingly, says the bank, at no time was conversion of the debentures into stock financially feasible, and their value was therefore determined by their rate of interest vis-a-vis the rates generally prevailing.[2] Plaintiff's answer to this contention was based upon a showing that immediately following the announcement of October 2, there was a two point drop in the market price of the debentures, which, plaintiff says, is a good indication of the existence of prior overvaluation. Voluminous market statistics were presented with the affidavits of the parties in support of their respective positions.

During the oral argument on the motion, plaintiff's attorney agreed to waive a jury; and the discussion which followed led the District Judge to believe that both parties were willing to submit the case to him for final determination on the basis of the largely undisputed facts in the affidavits. He marked the case "submitted" and orally advised counsel of this fact. It is clear from the decision of the District Judge that he considered a jury to have been waived, proof by expert testimony to have been dispensed with and the case submitted to him on the facts contained in the affidavits. He stated in his decision that it constituted findings of fact and conclusions of law as "required" by Fed.R. Civ.P. 52.

Needless to say, neither waiver of a jury nor of expert testimony is necessary in connection with the determination of a motion for summary judgment. Neither are Rule 52 findings and conclusions "required." *Hindes v. United States,* 326 F.2d 150, 152 (5th Cir. 1964); *Prudential Ins. Co. v. Goldstein,* 43 F.Supp. 767 (S.D.N.Y.1942). We are convinced that the District Judge treated the matter before him as a trial on the merits and that plaintiff's attorney did not understand that this was being done.

Following the District Court's determination, plaintiff, urging mistake, moved for reargument and for extension of time in which to make such motion, which application was denied. Because we have concluded that the proceedings below were in the nature of a trial rather than a summary proceeding, plaintiff's application may be treated as a motion under Fed.R.Civ.P. 60(b), based upon mistake, and thus timely, since made within a reasonable time and in any event before the expiration of the time to appeal. 11 Wright and Miller, Federal Practice and Procedure § 2866, at 227 *et seq.* (1973); *Tarkington v. United States Lines Co.,* 222 F.2d 358 (2d Cir. 1955); *Oliver v. Home Indemnity Co.,* 470 F.2d 329 (5th Cir. 1972). The judgment having resulted from a misunderstanding between court and counsel, we believe this motion should have been granted. We are therefore vacating the judgment and remanding to the District Court for further proceedings not inconsistent herewith. *See Griffin v. Kennedy,* 120 U.S.App.D.C. 104, 344 F.2d 198 (1965); *Torres v. S. S. Pierce Co.,* 471 F.2d 473 (9th Cir. 1972).

Were we to accept defendant's contention that the disposition of its motion by the District Court was in fact a grant of summary judgment, we would, nonetheless, not let it stand, because summary judgment was not warranted. In support of his opposition to defendant's motion, plaintiff submitted an affidavit from a securities analyst stating that in his opinion "there was a causal relationship" between the October 2 announcement and the drop in the market price of plaintiff's debentures. While we do not intimate in any way our views on the merits of this argument, an issue of fact precluding summary judgment has certainly been created. *Benedict v. Rue,* 260 F.2d 97, 99 (5th Cir. 1958). *See also* this Circuit's recent pronouncements in *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317 (2d Cir. 1975); *Judge v. City of Buffalo,* 524 F.2d 1321 (2d Cir. 1975); *Jaroslawicz v. Seedman,*

---

2. Total interest payable on all debentures was thirteen million dollars per annum, and

Chase's income for the first nine months of 1974 was one hundred eighteen million dollars.

528 F.2d 727 (2d Cir. 1975); *Home Insurance Co. v. Aetna Casualty and Surety Co.*, 528 F.2d 1388 (2d Cir. 1976); *United States v. Bosurgi*, 530 F.2d 1105 (2d Cir. 1976).

■ In addition to urging reversal, plaintiff argues that his waiver of a jury trial is not binding because it was not made in accordance with the provisions of Fed.R.Civ.P. 39. Inasmuch as Judge Duffy has already indicated his views on the factual questions to be tried, we think that withdrawal of plaintiff's waiver should be permitted regardless of the technical merits of his Rule 39 argument.

Because the responsibility for the entry of the judgment we are vacating rests in substantial part with plaintiff's attorney, the costs of this appeal will not be awarded to either party.

Vacated and remanded.