TOWN OF HINGHAM *vs.* DIRECTOR OF THE DIVISION OF MARINE FISHERIES & others. April 23, 1979. 1. Just as it is our duty to render a decision which reflects any change in the applicable law which occurs pending an appeal from a final judgment (*Commonwealth* v. *Horton,* 365 Mass. 164, 172 [1974]), so it was the duty of the trial judge to render a decision which would reflect any change in the applicable law which occurred by reason of the enactment of St. 1977, c. 447 (which took effect on August 17, 1977), in the interval between the time (August 4, 1977)

when the judge made his rulings of law and order for judgment and the time (September 7, 1977) when he approved the form of the judgment (Mass.R.Civ.P. 58[a], as amended, 371 Mass. 908 [1977]) which was ultimately entered. See and compare *Middle Atl. Util. Co.* v. *S.M.W. Dev. Corp.*, 392 F. 2d 380, 384 (2d Cir. 1968); *Meadows* v. *Cohen*, 409 F. 2d 750, 753 (5th Cir. 1969); *Tiernan* v. *Westext Transport, Inc.*, 295 F.Supp. 1256, 1261 (D.R.I. 1969). The timely motion and substitute motion filed by the defendants under Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), were appropriate vehicles for raising the question whether a change in the applicable law had occurred during the interval described. *Tarkington* v. *United States Lines Co.*, 222 F.2d 358, 359-360 (2d Cir. 1955), *S.C.*, 250 F.2d 129 (2d Cir. 1957). *Meadows* v. *Cohen*, 409 F.2d at 752 n.5, 753. *D.C. Fedn. of Civic Assns.* v. *Volpe*, 520 F.2d 451, 452, 453 (D.C. Cir. 1975). *Lairsey* v. *Advance Abrasives Co.*, 542 F.2d 928, 929-930 (5th Cir. 1976). 2. When all the changes in the provisions of G. L. c. 130, §§ 17(3), 52 and 75, which were effected by St. 1977, c. 447 ("An Act regulating the taking of shellfish from certain contaminated areas"), §§ 1 through 3, respectively, are studied in light of the legislative history of c. 447 (see 1977 House Docs. Nos. 2031, 5356, 5802; 1977 Senate Journal at 554-555, 1134; 1977 House Journal at 1589), it is apparent that a city or town may no longer require anyone (whether a resident or a nonresident) to secure a permit from the city or town prior to digging or taking shellfish (G. L. c. 130, § 1) from a contaminated area (G. L. c. 130, § 74, as appearing in St. 1975, c. 706, § 215) therein except pursuant to a regulation adopted under G. L. c. 130, § 52 (as so amended), which forms part of a shellfish management and conservation plan which has been developed by the city or town and which has been approved by the director of the division of marine fisheries under the provisions of G. L. c. 130, § 75 (as so amended). (See G. L. c. 130, § 76, as amended through St. 1975, c. 706, §§ 217 and 218; G. L. c. 130, § 77, as appearing in St. 1978, c. 293.) It is also apparent that the plan contemplated by the 1977 amendments is one which is developed and submitted to the director subsequent to August 17, 1977. Accordingly, the judgment entered on September 7, 1977, is to be modified in such fashion as to reflect the views expressed in part 2 hereof; costs of appeal are not to be awarded to any party.

*So ordered.*

*Stephen M. Leonard,* Assistant Attorney General, for the defendants.

*George M. Ford* for the plaintiff.