**COLECO INDUSTRIES, INC., Plaintiff,**

v.

**UNIVERSAL CITY STUDIOS, INC., Defendant.**

**No. 84 Civ. 2596 (RWS).**

United States District Court, S.D. New York.

July 2, 1986.

---

Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiff; Richard C. Seltzer, Denise Cote, Thomas F. Ford, of counsel.

Wachtell, Lipton, Rosen & Katz, New York City, for defendant; Steven M. Barna, David Gruenstein, of counsel.

SWEET, District Judge.

Presently pending before the court are the motions of plaintiff Coleco Industries, Inc. ("Coleco") to compel discovery and to strike a jury demand, and the cross-motion of defendant Universal City Studios, Inc. ("Universal") for an order pursuant to Rule 39(b), Fed.R.Civ.P., granting a jury trial through an exercise of the court's discretion. These motions depend upon the extensive prior proceedings both in this action, set forth in the opinions of January 24 and June 16, 1986, and in the related action entitled *Universal City Studios, Inc. v. Nintendo Co., Ltd.*, set forth at 578 F.Supp. 911 (S.D.N.Y.1983); 615 F.Supp. 838 (S.D.N.Y.1985) and in the opinion of December 24, 1985. As set forth below, the motions of Coleco will be granted and the cross-motion of Universal denied.

**Work-Product Privilege**

■ Coleco seeks an order compelling production of all documents relating to King Kong in the possession of Stephen A. Kroft ("Kroft") and his law firm Rosenfeld, Meyer & Susman. Kroft was the outside counsel for Universal who handled litigation beginning in 1975 against RKO Radio Pictures, Inc. regarding trademark and copyright ownership rights in King Kong and on whom Universal relied when asserting its rights of ownership against Coleco, Nintendo and other Nintendo licensees in 1982. The issue of Universal's reliance on Kroft's advice is relevant to this action since Coleco asserts claims alleging that Universal wrongfully threatened litigation to coerce Coleco into a 1982 agreement with Universal; that Universal fraudulently misrepresented its ownership rights in King Kong, and that Universal furnished no consideration for the 1982 agreement with Coleco because of its fraudulent assertion of ownership rights. Universal's reliance on Kroft's advice has arisen as a defense to each of these claims.

It is conceded that the documents sought to be discovered fall generally within the category of material protected by Fed.R. Civ.P. Rule 26(b)(3). That Rule provides

that a party may obtain discovery of documents and tangible things prepared in anticipation of litigation by the other party:

only upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusion, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Universal contends that the language of this rule absolutely protects documents containing mental impressions, conclusions and legal theories from disclosure to the opposing party. On the other hand, Coleco asserts that this protective provision is inapplicable where issues are raised that concern the advice of counsel or where work-product has been partially waived.

The work-product privilege is designed to protect an adversary system of justice and has been analyzed in that context by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 510–11, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947):

in performing his various duties ... it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.

In *Upjohn Co. v. United States*, 449 U.S. 383, 401, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981), the Court refused to allow disclosure of an attorney's mental impressions "simply on a showing of substantial need and inability to obtain the equivalent without undue hardship." The work-product privilege has also generally been extended to protect the recorded mental impressions

of an attorney in preparation for a case from disclosure in subsequent litigation. See *Federal Trade Commission v. Grolier, Inc.*, 462 U.S. 19, 26, 103 S.Ct. 2209, 2213–14, 76 L.Ed.2d 387 (1983).

Universal cites two circuit court rulings for the proposition that this protection afforded for "mental impression" work-product is without exception. In *Duplan Corp. v. Moulinage et Retourderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974), the court denied a motion of plaintiff to compel production of the work product of the defendant's attorneys relating to their prior litigation of patent claims and their knowledge of facts underlying the patent. The plaintiff's suit alleged patent misuse and inequitable conduct in connection with a patent application. The Court held that the mental impression work product was "immune from discovery" notwithstanding the fact that it was brought into issue by the plaintiff's claims. The Court regarded such disclosure as inordinately harmful to an attorney's need to develop and collect thoughts and impressions in preparation for litigation. The holding in *Duplan* was not absolute, however, for the Court recognized that disclosure would be required where a party "affirmatively assert[s] reliance upon an attorney's advice and then refuse[s] to disclose such advice." *Id.* at 735. In a similar ruling, the Eighth Circuit held that mental impression work product "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances ... yet unencountered by this court, where weighty considerations of public policy and a proper administration of justice would militate against the nondiscovery of an attorney's mental impressions." *In re Murphy*, 560 F.2d 326, 336 (8th Cir.1977) (footnote omitted).

On the other hand, a consistent line of cases has developed an exception to the work-product privilege where the party raises an issue which depends upon an evaluation of the legal theories, opinions and conclusions of counsel. For example, in *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926 (N.D.Cal.1976), it was al-

leged that defendants had wrongfully instituted patent infringement cases knowing that the patents sued upon were invalid. Defendants asserted a good faith defense based in part on the advice of counsel. Since the opinion of counsel raised a "crucial issue" relevant to the defendant's good faith, the court held that it was essential to allow discovery of the prior work-product in order to afford plaintiff an opportunity to "ascertain the basis and facts upon which the opinions" of counsel were based. *Id.* at 931. The same disclosure has been required in other cases where an attorney's knowledge regarding a claim litigated in a prior action is itself at issue in subsequent litigation. *See Byers v. Burleson,* 100 F.R.D. 436, 439 (D.D.C.1983) (statute of limitations issue could only be resolved by "inquiry into the subjective knowledge of the plaintiff and her attorney" and thus work product discovery is mandated due to the "overwhelming necessity for the materials"); *Donovan v. Fitzsimmons,* 90 F.R.D. 583, 588 (N.D.Ill.1981) (advice of counsel raised "critical area of inquiry" for which discovery was necessary); *Bird v. Penn Central Co.,* 61 F.R.D. 43, 47 (E.D. Pa.1973) (discovery granted where attorney work product was directly at issue in establishing laches). *See also* 4 J. Moore, J. Lucas, G. Grother, *Moore's Federal Practice,* ¶ 26.64[3.–2] at 26–385 (1984).

In addition to relying on advice of counsel as a defense of this action, Universal has disclosed portions of Kroft's work product during litigation of the same issue in the Nintendo action. There, in support of a motion for a partial new trial, Universal proffered an extensive affidavit by Kroft accompanied by several legal memoranda which were prepared in connection with the RKO and Nintendo actions. In his affidavit, Kroft set forth the basis for his opinion rendered to Universal in April, 1982 regarding possible trademark and copyright claims against Nintendo and Coleco. In relevant part, Kroft explained that he had accumulated a "substantial body of knowledge and experience in matters relating to King Kong" resulting from his participation as trial counsel in the RKO litigation. Kroft provided in detail his understanding of the judgment and settlement agreement reached in that litigation, and disclosed work product from 1980 which discussed Universal's merchandising rights at that time. Finally, Kroft disclosed both his communications with Universal and work product in 1982 analyzing the rights of Universal with regard to Nintendo's Donkey Kong. By disclosing these documents, Kroft recognized that he was making a selective waiver of his work product privilege in order to establish the basis for his advice to counsel.

This selective disclosure of work product to establish the basis for an opinion of counsel constitutes an implied waiver of all work product relevant to the same issue. While the work product privilege is accorded to protect the adversary system by affording an attorney a private realm in which to develop his legal strategies, that privilege impedes a fair adversarial presentation of the facts when it is invoked to avoid disclosure of anything other than a necessarily biased presentation of the relevant facts. The Supreme Court recognized the doctrine of work product waiver in *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). The party claiming the privilege had called its investigator to testify regarding his recollection of statements made by witnesses during preparation for trial. The Court recognized, however, that such a claim of privilege was inappropriate after the party had made "a unilateral testimonial use of work-product materials." *Id.* at 240, 95 S.Ct. at 2171. *See also In re Sealed Case,* 676 F.2d 793, 817–18 (D.C.Cir.1982) (disclosure required "when a party seeks greater advantage from its control over work product than the law must provide to maintain a healthy adversary system").

Kroft's affidavit and attached work product were proffered as a "testimonial use" of materials otherwise privileged. Fairness requires that discovery not be limited only to those documents which have selectively been disclosed. Therefore, Coleco's motion to compel will be granted, and

Kroft and his firm are directed to produce all work product relevant to the trademark and copyright claims on which Kroft gave his advice in 1982. This disclosure will not be limited to work product created during a certain time period since, as Kroft has acknowledged, his advice was based on prior experience and litigation as reflected in memoranda created before 1982.[1]

**Jury Trial**

Coleco commenced this action on April 12, 1984 with a complaint alleging three counts against Universal and on May 7, 1984, Universal answered and counterclaimed. No jury demand was made by either party. On July 25, 1985, Coleco filed an amended complaint that added a prayer for punitive damages. On February 13, 1986, Universal responded to the amended complaint by filing its answer and by adding an interpleader claim against Nintendo Co., Ltd. and Nintendo of America. In connection with this new pleading, Universal filed a demand for a jury trial.

■ Rule 38(b), Fed.R.Civ.P., requires a party to demand a jury trial "not later than 10 days after the service of the last pleading" addressed to any new issue or else waive a trial by jury on that issue. Where new issues are raised by subsequent pleadings, a party may demand a jury only with respect to those issues. *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir.1980). Although Universal's interpleader complaint raised new issues for which the jury demand was appropriate, that complaint has been dismissed by this court's opinion of June 16, 1986. Thus, Coleco's motion to strike the jury demand will be granted since it has been mooted.

■ Universal has moved for an order granting a jury trial pursuant to Fed.R. Civ.P. 39(b) which provides that "a court in

its discretion upon motion may order a trial by jury of any or all issues." Of course, the Second Circuit has seen fit to restrict the trial court's discretion markedly by requiring a "showing *beyond* were inadvertance." *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir.1967). Universal contends that such a showing has been made by virtue of the unusual interrelationship between this action and the Nintendo case, suggesting that, because this court imposed sanctions against Universal based on an evaluation of related issues in Nintendo, it would be difficult for the court to serve as an impartial fact-finder in this action.

In *Chanofsky v. Chase Manhattan Corp.*, 530 F.2d 470 (2d Cir.1976), the case cited in support of Universal's motion, this Circuit reviewed the propriety of a judgment rendered based on the trial court's opinion. During the course of argument on a summary judgment motion, the court apparently was led to believe that the parties intended to submit the matter on affidavits as a trial on the merits rather than on summary judgment. Therefore, the decision provided findings of fact and conclusions of law. The Circuit Court vacated the judgment, finding that the plaintiff had misunderstood the court's intention to treat the motion as a trial. In its remand, the Court also granted plaintiff's request for a jury trial "inasmuch as [the judge] has already indicated his views on the factual questions to be tried...." *Id.* at 473.

The facts in *Chanofsky* regarding the propriety of a jury trial limit its use as precedent in this action. While the grant of a jury trial may be appropriate where the judge has conclusively rendered his view of the "questions to be tried," such is not the case here. As explained by this

---

1. Universal concedes that it has waived the attorney-client privilege for communications between itself and Kroft by virtue of its reliance on advice of counsel defense and the disclosure of a particular communication between Kroft and Robert Hadl. This waiver extends not only to the specific communication disclosed but also to "all other communications relating to the same subject matter." *In re Sealed Case,*

*supra,* 676 F.2d at 809. *See* 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2017 at 127 (1970). Thus, disclosure is required of all communications between Kroft and Universal regarding its rights in King Kong. Communications during the RKO litigation which discuss Universal's rights in King Kong are also relevant to this issue and must be disclosed.

court's opinion of January 31, 1986, none of Coleco's claims have been established by virtue of the decision rendered in Nintendo, and the factual relationship between the two cases was evident long before the jury demand was waived by Universal. Although the court has expressed its view of some of the factual circumstances underlying a related case, an extension of *Chanofsky* to the present case would unduly expand the discretion of the court under Fed. R.Civ.P. 39(b).

**Conclusion**

For the reasons set forth above, Coleco's motions to compel discovery and to strike the jury demand are granted. Universal's motion for a jury trial notwithstanding its untimely demand is denied.

IT IS SO ORDERED.