956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hildegard KRAFT, Plaintiff-Appellant,
v.
Katherine GRIMM, Defendant-Appellee.
 No. 91-55443.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hildegard Kraft appeals the district court's denial of her Fed.R.Civ.P. 60(b) motion to reconsider its dismissal of her action for failure to prosecute. The district court dismissed Kraft's action pursuant to Local Rule 7.9 because she failed to file a response to Grimm's motion to dismiss for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and vacate and remand.
 
 
 3
 We review a denial of a motion to reconsider for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985) (quotation omitted). An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). A motion to reconsider may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 4
 Here, Kraft filed a complaint alleging assignment and breach of contract regarding an inheritance which Grimm received. Grimm filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Local Rule 7.9 provides that the failure to file papers in opposition to a motion may be deemed consent to the granting of the motion. Local R.U.S.Dist.Ct. Central Dist.Cal. 7.9. When Kraft did not respond to the motion, the court dismissed Kraft's complaint and action with prejudice for failure to comply with the Local Rules. Kraft then filed a timely motion to reconsider under Rule 60(b). Kraft argued that she did not receive notice of Grimm's motion to dismiss until after the hearing date and the court's order granting dismissal. The district court assumed that Kraft's reasons were true, but nevertheless denied the motion to reconsider because Kraft had failed to meet the standard for setting aside a default judgment.
 
 
 5
 The district court erred by applying the standard for setting aside a default judgment to Kraft's Rule 60(b) motion. A district court has discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. Pena, 770 F.2d at 814. A motion to reconsider a dismissal for failure to prosecute, however, does not require the prejudice/merits/culpable conduct analysis. See Briney v. Burley (In re Burley), 738 F.2d 981, 988 (9th Cir.1984); Torres v. S.S. Pierce Co., 471 F.2d 473, 474 (9th Cir.1973). Because Kraft was not required to meet the standard for vacating a default judgment, the district court erred by denying her motion to reconsider. See Pena, 770 F.2d at 814. If Kraft did not receive notice of the pending motion, her failure to respond would constitute excusable neglect. See Molloy, 878 F.2d at 315-16; Rodgers v. Watt, 722 F.2d 456, 458-60 (9th Cir.1983). Accordingly, we vacate and remand to the district court for consideration of whether Kraft's failure to respond to the motion constituted excusable neglect.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Kraft's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3