Raymond LEONARD, Plaintiff–Appellant,

v.

LOWE'S HOME CENTERS, INC., Defendant–Appellee.

No. 03–7530.

United States Court of Appeals, Second Circuit.

Dec. 29, 2003.

Raymond A. Leonard, Poughkeepsie, New York, for Appellant, pro se.

Marko J. Mrkonich, Littler Mendelson, P.C., (Andrew P. Marks), New York, New York, for Appellee, of counsel.

PRESENT: NEWMAN, McLAUGHLIN, and KATZMANN, Circuit Judges.

SUMMARY ORDER

Familiarity with the facts is assumed. Leonard specifically appeals from the De-

cember 2001, April 2002, and March 2003 orders of the district court. *See* Appellate Brief at 3.

Leonard's notice of appeal, filed April 24, 2003, is unclear as to what he is trying to appeal. It refers to a judgment, which might refer to the district court's judgment entered January 4, 2002. However, the notice of appeal follows the word "judgment" with what appears to be a reference to an order of the district court denying reconsideration of three prior orders of the court. Leonard's brief contends that he is trying to appeal three orders of the district court: (1) a December 12, 2001, order (in fact entered on December 11, 2001) granting summary judgment against him (in fact, that order granted the defendant's motion to dismiss for failure to state a claim); (2) an April 12, 2002, order (in fact entered on April 18, 2002) denying Leonard's motion for reconsideration (presumably of the judgment); and (3) a March 25, 2003, order (in fact entered March 31, 2003) denying another motion, filed January 7, 2003, for reconsideration (presumably of the judgment).

Whatever Leonard is trying to appeal, his April 24, 2003 notice of appeal is timely only with respect to the most recent denial of reconsideration, entered March 31, 2003. His prior notices of appeal, filed July 17, 2002, and August 5, 2002, are untimely with respect to the January 4, 2002, judgment, or the April 18, 2002, denial of reconsideration.

This Court reviews the grant or denial of a motion for relief from judgment pursuant to Rule 60(b) for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998).

Although Leonard's January 2003 motion relied primarily on the impact that *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), should have had on his case, the district court did not discuss this argument and instead analyzed Leonard's motion only under Rule 60(b)(2), which allows for relief from judgment based on newly discovered evidence. As the district court correctly pointed out, Leonard did not raise any colorable claim of new evidence in his motion. However, the district court's reading of the motion disregarded the actual legal arguments that Leonard made. Leonard's motion for reconsideration would have been more properly construed as a Rule 60(b)(1) motion, based on the district court's mistake in law. *See* Fed.R.Civ.P. 60(b)(1); *Tarkington v. United States Lines Co.,* 222 F.2d 358, 360 (2d Cir.1955) (holding that motion for a new trial made ten days after a decision of the United States Supreme Court, which conflicted with the result of the district court, should have been treated as a motion to vacate under Rule 60(b)(1) for the district court's mistake of law). Because the district court did not construe Leonard's motion liberally, its failure to consider Leonard's legal argument constitutes an abuse of discretion, which would ordinarily be grounds for remand.

However, the district court's denial of Leonard's motion can be affirmed on other grounds, because none of the provisions of Rule 60(b) provide relief in this case. As a Rule 60(b)(1) motion, Leonard's motion must fail as untimely. A Rule 60(b)(1) motion based on judicial mistake of law must be filed within the time that would be permitted for an appeal of the judgment being challenged. *See In re 310 Associates,* 346 F.3d 31, 35 (2d Cir.2003)(*per curiam*); *see also Schildhaus v. Moe,* 335 F.2d 529, 530 (2d Cir.1964). Because the time for appeal of the December 2001 and April 2002 motions expired in July 2002, Leonard's January 2003 motion was time-barred.

The only other subsection of Rule 60(b) which could apply to Leonard's motion is subsection (6), which is a catchall provision allowing for relief for "any other reason." *See* Fed.R.Civ.P. 60(b)(6). However, this Court has noted that Rule 60(b)(6) relief is available only in "extraordinary circumstances . . . where the judgment may work an extreme and undue hardship." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986)(internal quotation marks omitted). Furthermore, this Court has determined that a mere change in decisional law, even in Supreme Court decisional law, does not constitute an "extraordinary circumstance" for the purposes of Rule 60(b)(6). *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1273 (2d Cir.1994). Finally, this Court has held that Rule 60(b) may not be used as a "substitute for a timely appeal." *See Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). Having failed to file a timely appeal, Leonard cannot now use Rule 60(b) as a substitute. His situation simply does not rise to the level of "extraordinary circumstances" contemplated by Rule 60(b)(6).

Because Leonard's appeal fails under both Rule 60(b)(1) and 60(b)(6), and because none of the other subdivisions of Rule 60 are applicable to this case, we affirm the district court's denial of his Rule 60(b) motion.

For the foregoing reasons, we dismiss Leonard's appeal of the December 2001 judgment and April 2002 order and affirm the March 2003 decision of the district court.