T.C. Memo. 2004-86

UNITED STATES TAX COURT

THOMAS J. AND BONNIE F. RATKE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9641-01L.                    Filed March 25, 2004.

Jack B. Schiffman, for petitioners.

Anne W. Durning, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether respondent abused his discretion in determining to proceed with collection.

FINDINGS OF FACT

On April 15, 1994, petitioners timely filed their 1993 Federal income tax return.  On June 7, 1994, petitioners filed an amended return relating to that year.  On January 9, 1996,

respondent sent petitioners a notice of deficiency, determining a $20,710 deficiency and a $4,142 section 6662(a)[1] penalty.  In response, on March 29, 1996, petitioners sent their petition to the Court and a second amended return relating to 1993 to the Internal Revenue Service.  On April 2 and 3, 1996, respectively, the petition and the second amended return were filed.

Petitioners, in the petition, disputed the entire amount of the deficiency and penalty as follows:

> The Commissioner has asserted deficiencies in income taxes and additions to taxes for the Petitioners taxable year 1993, all of which are in dispute, as follows:

| Deficiency: | Increase in Tax | $20,710 |
| Penalties: | Section 6662(a) | $ 4,142 |

The petition also stated that "The Petitioners have correctly reported the sale of the business property on their amended 1993 individual income tax return, form 1040X".[2]

On May 27, 1996, respondent made a $12,655 assessment for the amount shown as tax on petitioners' second amended return and sent petitioners a notice and demand for payment.  Respondent also sent petitioners an audit statement, determining a $2,931

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. Dollar amounts are generally rounded to the nearest dollar.

[2]  The petition refers to an "amended 1993 individual income tax return".  At the time they mailed the petition, petitioners had submitted two amended returns to the Internal Revenue Service.  Thus, it is not clear whether petitioners are referring to the first or the second amended return.

net deficiency after taking into account the May 27, 1996, assessment. The parties subsequently agreed to the $2,931 deficiency, and, on March 13, 1997, the Court entered a decision pursuant to the parties' stipulated agreement as follows:

> ORDERED AND DECIDED: That there is a deficiency in income tax due from the petitioners for the taxable year 1993 in the amount of $2,931.00; and

> That there is no addition to tax due from the petitioners for the taxable year 1993, under the provisions of I.R.C. § 6662(a).

On May 19, 1997, respondent assessed the $2,931 deficiency and sent petitioners a notice and demand for $21,164. On June 25, 1999, petitioners filed a third amended return relating to 1993.

On September 20, 2000, respondent sent petitioners a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing relating to 1993. On October 17, 2000, petitioners filed Form 12153, Request for Collection Due Process Hearing (hearing request). Section 6330 hearings were held on March 13 and May 1, 2001. On May 15, 2001, petitioners amended their original hearing request.

On June 28, 2001, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. On July 31, 2001, petitioners, while residing in Glendale, Arizona, filed their petition with the Court. On August 7, 2001, petitioners filed an amended petition.

- 4 -

OPINION

Respondent contends that the May 27, 1996, assessment was taken into account in determining the deficiency stipulated by the parties. Petitioners, however, contend that the assessment is invalid, pursuant to section 6213(a), and that their liability is limited to the $2,931 set forth in the Court's March 13, 1997, decision.

The petition clearly reflects petitioners' decision to contest the entire deficiency determined by respondent. Thus, the Court had jurisdiction to determine petitioners' correct tax liability relating to 1993. See Naftel v. Commissioner, 85 T.C. 527, 533 (1985). On March 13, 1997, the parties signed a settlement agreement, pursuant to which a decision was entered by the Court. This decision is final and binding on the parties pursuant to the terms of their stipulation. Accordingly, respondent may collect only $2,931, the amount set forth in the Court's March 13, 1997, decision.

Contentions we have not addressed are irrelevant, moot, or meritless.

Decision will be entered

for petitioners.