T.C. Memo. 2008-145


UNITED STATES TAX COURT


THOMAS J. AND BONNIE F. RATKE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 9641-01L.                    Filed May 28, 2008.


    In connection with Ps' motions under secs. 7430
and 6673(a)(2), I.R.C. 1986, Ps move to compel
stipulations under Rule 91(f), Tax Court Rules of
Practice and Procedure.  R objects to the motion to
compel.

    1.  Held:  R's general objections to the motion to
compel are overruled.

    2.  Held, further, R's objections to specific
proposed stipulations are sustained in large part and
overruled in part.


_____

    [*]This opinion supplements Ratke v. Commissioner, T.C. Memo.
2004-86, and 129 T.C. 45 (2007).

Jack B. Schiffman, for petitioners.

Robert M. Fowler, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


CHABOT, Judge:  This matter is before us on petitioners' motion to compel stipulations pursuant to Rule 91(f),[1] in connection with their motion for award of reasonable litigation and administrative costs under section 7430[2] as well as their motion for sanctions under section 6673(a)(2) in the instant collection proceeding.

The issues for decision are:

(1) Whether petitioners' motion to compel stipulations was filed timely;

(2) whether petitioners' motion to compel stipulations sufficiently comports with the requirements of Rule 91(f); and

(3) whether petitioners' proposed stipulations should be deemed admitted.

---

[1] Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for proceedings commenced on the day the petition in the instant case was filed.

## Background

When the petition was filed in the instant case, petitioners resided in Arizona. The parties have filed fairly extensive stipulations with respect to petitioners' motions under sections 7430 and 6673(a)(2); these stipulations and the stipulated exhibits are incorporated herein by this reference.

Petitioners' deficiency case in this Court was settled and decision was entered pursuant to the parties' stipulated agreement. A dispute arose regarding the meaning of that stipulated agreement, leading to the instant collections case. This dispute was resolved in petitioners' favor by our opinion in Ratke v. Commissioner, T.C. Memo. 2004-86. Thereafter, petitioners moved for an award of costs under section 7430 and later moved for sanctions under section 6673(a)(2). In connection with these motions, petitioners moved to require disclosure of two memoranda. Our opinion in Ratke v. Commissioner, 129 T.C. 45 (2007), resolved that matter in respondent's favor. Petitioners' motion to compel stipulations, also in connection with petitioners' motions under sections 7430 and 6673(a)(2), is the matter before us at this stage of the proceedings in the instant case.

## Discussion

### A. Parties' Contentions; Conclusions

Petitioners contend that the matters proposed for stipulation are "relevant to critical factual issues" the Court

will need to consider when ruling on petitioners' motions under sections 7430 and 6673(a)(2). Respondent argues: (1) Petitioners' motion is untimely; (2) petitioners' motion does not comport with the requirements of Rule 91(f); and (3) petitioners' proposed stipulations are not appropriate for stipulation.

Petitioners' motion to compel stipulations is timely and, in general, sufficiently comports with the requirements of Rule 91(f).

We shall grant petitioners' motion as to: (1) The first sentence of petitioners' proposed stipulation 3, (2) petitioners' proposed stipulation 4, and (3) the first sentence of petitioners' proposed stipulation 8. In all other respects, we shall deny petitioners' motion.

B. Analysis

1. In General

The stipulation process is "the bedrock of Tax Court practice" and is designed "as an aid to the more expeditious trial of cases as well as for settlement purposes." Branerton Corp. v. Commissioner, 61 T.C. 691, 692 (1974). The stipulation process serves the same function with respect to disposition of posttrial motions, such as the motions in the instant case, as the process serves with respect to trials. See, e.g., Goettee v. Commissioner, 124 T.C. 286, 290, 293, 294 (2005), affd. 192 Fed. Appx. 212, 223 (4th Cir. 2006); Hong v. Commissioner, 100 T.C.

88, 89-90, 92 (1993). Rule 91 governs the Court's approach to stipulations, as well as the mechanical process by which stipulations are made. See Rule 230(a). We have set forth in the margin portions of Rule 91 that are helpful to our analysis of the motion now before us, and also portions that the parties must consider in their continued dealings in the instant case.[3]

---

[3] Rule 91 provides, in pertinent part, as follows:

Rule 91. STIPULATIONS FOR TRIAL

(a) Stipulations Required: (1) General: The parties are required to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. Included in matters required to be stipulated are all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute. Where the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate. The requirement of stipulation applies under this Rule without regard to where the burden of proof may lie with respect to the matters involved. Documents or papers or other exhibits annexed to or filed with the stipulation shall be considered to be part of the stipulation.

\*       \*       \*       \*       \*       \*       \*

(e) Binding Effect: A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties. The Court will not permit a party to a stipulation to qualify, change, or contradict a

(continued...)

We consider first the question of the timeliness of petitioners' motion to compel stipulations, then the effect of the specific requirements of Rule 91(f), then the application of Rule 91 to each of the stipulations petitioners seek to compel.

---

[3](...continued)
stipulation in whole or in part, except that it may do so where justice requires. A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding.

(f) Noncompliance by a Party: (1) Motion To Compel Stipulation: If, after the date of issuance of trial notice in a case, a party has refused or failed to confer with an adversary with respect to entering into a stipulation in accordance with this Rule, or a party has refused or failed to make such a stipulation of any matter within the terms of this Rule, the party proposing to stipulate may, at a time not later than 45 days prior to the date set for call of the case from a trial calendar, file a motion with the Court for an order directing the delinquent party to show cause why the matters covered in the motion should not be deemed admitted for the purposes of the case. The motion shall (A) show with particularity and by separately numbered paragraphs each matter which is claimed for stipulation; (B) set forth in express language the specific stipulation which the moving party proposes with respect to each such matter and annex thereto or make available to the Court and the other parties each document or other paper as to which the moving party desires a stipulation; (C) set forth the sources, reasons, and basis for claiming, with respect to each such matter, that it should be stipulated; (D) show that opposing counsel or the other parties have had reasonable access to those sources or basis for stipulation and have been informed of the reasons for stipulation; and (E) show proof of service of a copy of the motion on opposing counsel or the other parties.

## 2.  Timeliness

Respondent argues that petitioners' motion to compel stipulations is not timely.  Respondent points out that petitioners' motion to compel stipulations was filed shortly before the parties were scheduled to file their legal memoranda on petitioners' motions under sections 7430 and 6673(a)(2).  Respondent further claims that the Court's scheduling orders "clearly anticipated that the stipulation process would have been completed at the late date petitioners filed their Rule 91(f) motion."

Petitioners contend that the cause of their motion to compel, and the resulting delay in further proceedings in their motions under sections 7430 and 6673(a)(2), was respondent's refusal to agree to their proposed stipulations.

Both sides agree that the "45-day rule" of Rule 91(f)(1) does not strictly apply to petitioners' motion to compel stipulations.

We have examined the materials submitted by both sides on this matter.  These materials show that the stipulation process, which had hitherto produced much material that was submitted to the Court, was breaking down.  Petitioners' motion to compel has contributed to the delay, but the basic cause was each side's increasing unwillingness to resolve stipulation disputes in a

reasonable manner.  Petitioners' motion essentially served to bring this breakdown to the attention of the Court.

We have concluded that the purposes of Rule 91 would not be served by sustaining respondent's timeliness objection to the granting of petitioners' motion to compel stipulations.

We hold for petitioners on this matter.

3.  <u>Requirements of Rule 91(f)--Conditions Necessary for Filing Motion; Format of Motion</u>

Respondent argues that the conditions necessary for filing a motion under Rule 91(f) have not been met because respondent has neither refused nor failed to either confer with petitioners regarding the stipulations or stipulate any matter within the terms of Rule 91.  Respondent also contends that petitioners' motion to compel stipulations does not comply with four of the five form requirements specified in the text of Rule 91(f)(1).[4]

Petitioners reply that respondent's efforts were not enough to complete the stipulation process.  Also, petitioners attach additional communications, including two communications after petitioners' motion to compel stipulations was filed, proposing numerous other stipulations.

By and large, respondent's analysis of the formal defects in petitioners' motion is correct.  However, we have concluded that

---

[4] Respondent concedes only that petitioners' motion complies with Rule 91(f)(1)(E) in that it includes the required certificate of service on respondent's counsel.

it is better to take those defects into account in analyzing petitioners' specific proposed stipulations rather than to deny petitioners' motion in toto.

We hold for petitioners on this matter, but not completely.

4.  Petitioners' Proposed Stipulations

Petitioners, in their motion to compel stipulations, interspersed numbered paragraphs headed "Matters Claimed For Stipulation" with numbered paragraphs headed "Proposed Stipulations".  In the response to petitioners' motion, respondent followed petitioners' numbering system.  To facilitate our analysis and the parties' understanding, we will also use petitioners' numbers for the proposed stipulations--2, 3, 4, 5, 6 and 6(a), 7, 8, and 13 and 13(a)--in this report.  We have reproduced the proposed stipulations literally as they appear in petitioners' motion.  Any stipulations resulting from our action on petitioners' motion to compel stipulations shall be appropriately renumbered to take into account the stipulations already filed in the instant case; also, minor errors shall be corrected.

(a) Proposed Stipulation 2

2.  When a case is settled and the stipulated decision document is prepared by an appeals officer, it is Respondent's policy to require its litigation Counsel to review the computational documents (audit statement) to determine whether the amounts set forth in the computational documents (audit statement) are consistent with the amounts that are required to be set forth in the stipulated decision.  If the amounts set

forth in the computational documents (audit statement) are not consistent with the amounts that are required to be set forth in the stipulated decision, Respondent's litigating Counsel is responsible for assuring that any agreements between the parties of additional amounts that are set forth in the computational documents (audit statement) as being owed are stipulated to as a "below the line" stipulation in the stipulated decision filed with the Tax Court.

Rule 91(a)(1) provides:

Included in matters required to be stipulated are all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute. * * * [Emphasis added.]

Respondent states:

Respondent does not believe that he has any policy resembling what petitioners have described, especially one referring to the particular "responsibility" of its attorneys. Respondent offered to stipulate to a provision of its manual discussing the situation similar to the situation petitioners have described in paragraph 2.

Petitioners failed, in both their motion papers and their reply to respondent's response, to present any source, reason, or basis (see Rule 91(f)(1)(C)) for our concluding that respondent has the policy described in petitioners' proposed stipulation 2. In the light of respondent's denial, and taking into account respondent's offer to stipulate a provision in respondent's manual, we conclude that we shall not compel stipulation of petitioners' proposed stipulation 2.

We hold for respondent on this matter.

(b) Proposed Stipulation 3

      3.  Respondent's attorney Ann Welhaf[5] was Respondent's litigation Counsel in Docket No. 5931-96.[6]  She was responsible for reviewing the computational documents (audit statement) and the stipulated decision document prepared by Appeals Officer Cary Reese in the prior Tax Court case (Docket No. 5931-96).

Respondent's response does not deny the truth of the first sentence of petitioners' proposed stipulation 3.  As to the second sentence, respondent states:

> There are no policies that spell out the duties of respondent's attorneys in the detail that petitioners are seeking to attribute. * * * Respondent notes that the parties have stipulated that Ms. Welhaf reviewed the proposed decision document.  See ¶ 39. of the Second Supplemental Stipulation of Facts.

Petitioners failed, in both their motion papers and their reply to respondent's response, to present any source, reason, or basis (see Rule 91(f)(1)(C)) for our concluding that respondent has the policy described in the second sentence of petitioners' proposed stipulation 3.  In the light of respondent's failure to deny the truth of the matter stated in the first sentence, respondent's denial of the truth of the matter stated in the second sentence, and respondent's noting that the parties had already stipulated Welhaf's actions, we conclude that we shall

---

[5] Ann Welhaf is referred to as Welhaf in our opinion in Ratke v. Commissioner, 129 T.C. 45, 47 (2007).

[6] Docket No. 5931-96 is described in our opinion in Ratke v. Commissioner, 129 T.C. at 46, and is there referred to as the 1996 case.

compel stipulation of the first sentence of petitioners' proposed stipulation 3 and we shall not compel stipulation of the second sentence.

We hold in part for petitioners and in part for respondent on this issue.

(c) Proposed Stipulation 4

4. Ann Welhaf approved the stipulated decision prepared by Appeals Officer Cary Reese by initialing the "initialed copy" of the stipulated decision and forwarded the original stipulated decision to Doreen Susi, Respondent's supervisory attorney, for her signature. Doreen Susi signed the stipulated decision document and forwarded it to the Tax Court for entry as the decision of the Tax Court. The stipulated decision approved by Ann Welhaf did not have a "below the line" stipulation that referenced the $12,655 assessment made by Respondent that was set forth in the computational documents (audit statement) in Docket No. 5931-96.

Respondent's response is:

4. The matters contained in paragraph 4. have already been stipulated to in paragraphs 40. and 55. of the Second Supplemental Stipulation of Facts.

Respondent does not deny the truth of the matters in petitioners' proposed stipulation 4, and so we conclude that we shall compel this stipulation.

We hold for petitioners on this issue.

(d) Proposed Stipulation 5

5. The attached time sheets for Attorney Ann Welhaf do not indicate any time was charged by Ann Welhaf for reviewing the computational documents (audit statement) that accompanied the stipulated decision document prepared by Appeals Officer Cary Reese in Docket No. 5931-96.

The timesheets (apparently, six pages attached to petitioners' motion as exhibit 1) do not indicate what specific work Welhaf did on the 1996 case.  Thus, petitioners' proposed stipulation's focus on a particular item that is not on the timesheets does not advance our understanding of what did or did not happen during the course of the 1996 case.

Letters attached to respondent's response and petitioners' reply show that the parties made efforts to deal with what Welhaf did or did not do with respect to the computational documents accompanying the stipulated decision document in the 1996 case.  Those attached letters foster a hope that the parties may be able to stipulate as to Welhaf's actions.  In the meanwhile, petitioners' proposed stipulation 5 is not helpful, and it appears to have a potential for misleading the Court.  Accordingly, we conclude that we shall not compel stipulation of petitioners' proposed stipulation 5.

We hold for respondent on this matter.  However, we expect the parties to stipulate the relevant underlying information.

(e) Proposed Stipulations 6 and 6(a)

6.  Ann Welhaf did not review the computational documents (audit statement) accompanying the stipulated decision prepared by Appeals Officer Cary Reese in Docket No. 5931-96.
6(a).  **ALTERNATIVE TO NO. 6 ABOVE:** Ann Welhaf did review the computational documents (audit statement) accompanying the stipulated decision prepared by Appeals Officer Cary Reese in Docket No. 5931-96.

If the words in petitioners' proposed stipulation 6 have the same meaning as the same words in petitioners' proposed stipulation 6(a),[7] then at least one of the proposed stipulations cannot be true. If petitioners offer alternatives that cannot both be true, then they have failed to comply with their obligation to demonstrate that either alternative "fairly should not be in dispute", within the meaning of Rule 91(a)(1).[8]

We will not enter into a discussion as to whether these alternatives properly are contradictories or contraries. The truth may be far more nuanced.

We hold for respondent on this matter but expect the parties to work out proper stipulations. See our comments with respect to proposed stipulation 5.

(f) Proposed Stipulation 7

7. Other than the reference to the $12,655 assessment in the computation documents (audit statement) provided to the Ratkes' Counsel with the stipulated decision, there is no documentation in the administrative file in Docket No. 5931-96 or in Ratkes' Counsel, David Bosse's file that Appeals Officer Cary

---

[7] See, e.g., Zuanich v. Commissioner, 77 T.C. 428, 443 n.26 (1981) (quoting Dickerson, The Interpretation and Application of Statutes 224 (1975)).

[8] Rule 91(f)(3) provides that a failure to respond to a matter, or an evasive or not fairly directed response to a matter, will result in that matter's being deemed stipulated. The structure established by Rule 91(f) does not accommodate the simultaneous offering of alternative stipulations that cannot both be true.

> Reese informed the Ratkes' Counsel of the $12,655 assessment made by Respondent after the Tax Court petition was filed in Docket No. 5931-96.

Respondent "does not agree that the statement is accurate."

We cannot tell from petitioners' motion to compel stipulations, respondent's response, and petitioners' reply, whether petitioners' proposed stipulation 7 "fairly should not be in dispute", within the meaning of Rule 91(a)(1).  Accordingly, we shall not compel petitioners' proposed stipulation 7.

We hold for respondent on this issue.  However, the parties should be able to stipulate relevant matters.  If respondent contends there are documents in the administrative file or in petitioners' former counsel's file that show that petitioners' former counsel was informed of the assessment, then the parties should stipulate those documents and perhaps the parties' conflicting interpretations of those documents.

     (g) <u>Proposed Stipulation 8</u>

> 8.  Respondent did not put a freeze code on the Ratkes' 1993 account after the Notice of Deficiency was mailed.  Had Respondent put a freeze code on the Ratkes' account, the $12,655 reported by the Ratkes as additional tax on their Second Amended Return for 1993 would not have been assessed by Respondent after the Ratkes' petition was filed with the Tax Court in Docket No. 5931-96.

Respondent does not object to the first sentence of this proposed stipulation but contends the second sentence is "purely speculative."

Petitioners have not explained why they believe the $12,655 would not have been assessed had a freeze code been placed on their account. They have neither cited nor included in their motion to compel stipulations or their reply any part of a manual or other authority on this matter. Even if they had cited or included such material, the most we could conclude would be in terms of "oughtness" and likelihood. Oughtness and likelihood may turn out to be significant in resolving petitioners' motions under sections 7430 and 6673(a)(2), but they are not the same as the absolute statement in the second sentence of proposed stipulation 8.

We conclude that we shall compel the stipulation of the first sentence, but not the second sentence, of petitioners' proposed stipulation 8.

We hold in part for petitioners and in part for respondent on this issue.

### (h) Proposed Stipulations 13 and 13(a)

13. Respondent changed its litigation strategy set forth in the Notice of Determination and in the Chief Counsel's Memorandum of January 16, 2002 because Respondent determined this strategy would not be successful in having the Tax Court vacate the stipulated decision in Docket No. 5931-96 and reenter a new decision in that case that set forth the $12,655 assessment as a deficiency. Instead, Respondent relitigated the Ratkes' liability for the $12,655 assessment in the Collection Due Process Review Proceeding before Judge Foley. At trial, Respondent's

Counsel pursued a litigation strategy, which would have had the Tax Court recognize the $12,655 disputed assessment as an agreed deficiency that was subject to collection.

13.(a) **ALTERNATIVE TO NO 13 ABOVE:** Respondent changed its litigation strategy set forth in the Notice of Determination and in the Chief Counsel's Memorandum of January 16, 2006[9] because it determined **[to be competed by Respondent...........................]**. Instead, Respondent litigated the Ratkes' liability for the $12,655 assessment in the Collection Due Process Review Proceeding before Judge Foley. At trial, Respondent's Counsel pursued a litigation strategy, which would have had the Tax Court recognize the $12,655 disputed assessment as an agreed deficiency that was subject to collection.

See our comments in (e) Proposed Stipulations 6 and 6(e), supra p. 14. We shall not compel petitioners' proposed stipulations 13 and 13(a).

We hold for respondent on this matter.

---

The stipulation process should enable each side to put its best foot forward and not have to waste everyone's time and energy on matters which fairly should not be in dispute. When the Court has the impression that the parties are engaging in obstructive wrangling, rather than constructive cooperation in stipulating, it is just a short step to a conclusion that the obstructors do not have good feet to put forward. In the instant

---

[9] We assume petitioners intend to refer to the memorandum dated Jan. 16, 2002, which was one of the memoranda dealt with in our opinion in Ratke v. Commissioner, 129 T.C. 45 (2007), and therein sometimes referred to as the Hyman memorandum. See id. at 47.

proceeding, the parties already have filed extensive stipulations. They should be able to agree to stipulations that clarify the disputed matters dealt with in petitioners' motion to compel stipulations. Then we can deal properly with petitioners' motions under sections 7430 and 6673(a)(2). <u>For now</u>, we choose to regard both sides' efforts in connection with petitioners' motion to compel stipulations as an unwelcome but brief detour in an otherwise productive stipulation process.

<u>An appropriate order will be issued granting in part and denying in part petitioners' motion to compel stipulations</u>.